J-S53023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES BROOKS | : | |
| | : | |
| Appellant | : | No. 461 EDA 2018 |

Appeal from the PCRA Order January 16, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0005143-2013

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 1, 2018**

James Brooks appeals *pro se* from the order entered January 16, 2018, in the Court of Common Pleas of Delaware County, that denied without a hearing, his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  Brooks seeks relief from the judgment of sentence of 10 to 20 years' imprisonment, followed by a four year term of probation, after a jury convicted him of firearm not to be carried without a license and possession of a firearm with an altered manufacturer's

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Appointed counsel filed a **Turner/Finley** no merit letter and application to withdraw from representation, and the PCRA court granted the application to withdraw.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.3d 213 (Pa. Super. 1988) (*en banc*).

number,[2] and the trial court convicted him of carrying a firearm as a prohibited person, possession of a small amount of marijuana, and driving under the influence – general impairment (refusal).[3]   Brooks contends his sentence is illegal and trial counsel and PCRA counsel were ineffective.  Based upon the following reasons, we affirm.

The facts of this case were aptly summarized by the trial court and set forth by this Court in Brooks' direct appeal:

> On Sunday, April 21, 2013, at approximately 4:50 AM, Officer Amanda Klingensmith of the Upper Darby Police Department, while in full uniform and on patrol in a marked vehicle, was engaged in assisting at an accident scene in Upper Darby Township, Delaware County, Pennsylvania. The early morning calm was interrupted by squealing tires. The officer looked in the direction of the noise, saw a vehicle drive up onto a curb (near the intersection of Marshall Road and Long Lane), strike an object and, simultaneously, heard a loud crash. She then watched the vehicle back off the sidewalk, proceed across Marshall Road and then north on Long Lane. Officer Klingensmith jumped into her patrol car, activated her emergency overhead lights and siren, and began pursuit of the errant vehicle. As she passed the intersection from which the flurry of vehicular activity was seen, she noticed one traffic light was demolished and the remaining lights at the intersection were flashing. Her pursuit ended a short distance up Long Lane when she was able to stop behind the vehicle, a silver Pontiac Grand Am (PA Tag JGG 1636). She saw fluid flowing onto the street which streamed downhill toward the patrol car. Officer Klingensmith reported the stop to her dispatcher, provided identification information on the car, and explained it was leaking. As she approached the passenger side window, she noted that the odor from the fluid emanating from the bottom of the car smelled

---

[2] **See** 18 Pa.C.S. §§ 6106(a)(1), and 6110.2(a), respectively.

[3] **See** 18 Pa.C.S. §§ 6105(a)(1), 35 P.S. § 780-113(a)(31), and 75 Pa.C.S. § 3802(a)(1), respectively.

like gasoline. A backup from the Upper Darby Police Department, Officer Randy Desrosiers, appeared at the scene.

When she looked in the passenger window, she saw a man in the drivers seat (identified as [Brooks]) slumped over with his eyes closed. The Officer inquired of [Brooks] whether he was sick or injured. After opening his eyes, he acknowledged he was neither. No signs of physical injury were evident.

[Brooks] was directed to shut off the ignition and exit to the front of the vehicle. She observed heavy damage to the front of the car. After he complied, [Brooks] was told to move onto the sidewalk and away from the leaking car. [Brooks] showed classic signs of intoxication: eyes bloodshot and glassy, slurred speech and stumbling gait, all laced with the smell of alcohol.

Another Upper Darby police officer, Sergeant Steven Oreskovich, a certified Field Sobriety Test instructor was summoned to the scene. He asked [Brooks] to perform three field sobriety tests (horizontal gaze nystagamus ("HGN") test, the walk-and-turn test, and the one-legged stand test). [Brooks] failed all three. Sgt. Oreskovich opined that the test results indicated [Brooks] was incapable of safely operating a motor vehicle at the time. [Brooks] was taken into custody and transported to nearby Delaware County Memorial Hospital, where, after having been advised of his rights and responsibilities in connection with chemical testing of drivers, he refused to allow a blood draw. [Brooks] was then taken to the Upper Darby Township Police Headquarters.

Shortly after [Brooks] was arrested, Officer Desrosier conducted an inventory search of the Pontiac before it was towed from the scene. He first found two vials (containing green leafy matter) in the vehicle's center console. In addition, within the center console, Officer Desrosiers found two plastic vials within which was seen a green leafy vegetable matter. Both field tested positive for marijuana. The field test was confirmed through additional analysis. As he withdrew from the car, he encountered a protruding handle of a handgun, sandwiched between the driver's seat and the center console. The firearm was a black 9 mm Ruger model LC-9 pistol (loaded with five 9 mm rounds and one in the firearm's chamber). He noted that the gun's serial number had been obliterated.

A criminal history check through NCIC revealed that [Brooks], in 1993, was convicted of Robbery, a felony in Philadelphia. That disposition rendered it illegal for [Brooks] to possess a firearm. The investigation also included a check for a license to allow [Brooks] to carry a concealed weapon. [Brooks] never secured such an authorization. Inquiry of PennDOT disclosed that [Brooks] was not licensed to drive and that the Pontiac was registered to another individual.

Subsequent testing revealed that the Ruger was operational and that the rounds discovered were live. Based on the pre-dawn events and the information obtained, [Brooks] was charged with: Person not to possess, use, manufacture, control, sell or transfer firearms; Possession of a firearm with altered manufacturer's number; Firearms not to be carried without a license; Possession of a small amount of marijuana; Driving Under the Influence (General Impairment, refusal); Driving Under the Influence (Controlled Substance — impaired ability) and, several summary offenses.

*Commonwealth v. Brooks*, 120 A.3d 389 [2015 Pa. Super. Unpub. LEXIS 208 at *1-*5] (Pa. Super. 2015) (unpublished memorandum), *quoting* Trial Court Opinion, 7/9/2014, at 1-3 (footnotes omitted).

Brooks was convicted and sentenced as stated above. Brooks filed a motion for reconsideration, which was denied by the trial court. Brooks then filed a direct appeal in this Court. On February 24, 2015, this Court affirmed the judgment of sentence. *See id.* Brooks did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. On November 19, 2015, Brooks filed the instant PCRA petition.

The PCRA court appointed PCRA counsel, Henry D. Forrest, Esquire, who subsequently filed a *Turner/Finley* no merit letter and application to withdraw on September 28, 2017. On October 10, 2017, the PCRA court issued an order that granted counsel's application to withdraw and gave

Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. On

October 26, 2017, Brooks filed a *pro se* objection to the Rule 907 notice. The

PCRA court dismissed Brooks' petition on January 16, 2018, and this timely

*pro se* appeal followed.

Brooks presents seven issues for this Court's review:

1. Whether [Brooks'] counsel rendered ineffective assistance of counsel in violation of [Brooks'] 6th and 14th Amendment rights for not filing an Omnibus Pretrial Motion to challenge the charged offense of Possession of a Firearm, which actually fell under constructive possession?

2. Whether [Brooks'] trial counsel rendered ineffective assistance of counsel in violation of [Brooks'] 6th and 14th Amendment rights for not filing an Omnibus Pretrial Motion to challenge the Upper Darby Police Incident/Arrest Report, wherein said Report did not give probable cause for the offense(s) charged; and wherein Police Officer gave perjured testimony of [Brooks] being transported to "nearby" Hospital?

3. Whether [Brooks'] trial counsel rendered ineffective assistance of counsel in violation of [Brooks'] 6th and 14th Amendment rights for not protecting [Brooks'] equal protection rights during *voir dire* wherein the prosecution struck the only two (2) Black jurors, which prejudiced [Brooks]?

4. Whether [Brooks'] trial counsel, and, appellate counsel, rendered ineffective assistance of counsel, in violation of [Brooks'] 6th and 14th Amendment rights, in violation of Pa.R.Evid. 404(b), Character Evidence; Crimes or Other Acts - Rule 404(a)(1), that renders prior convictions inadmissible in determining an individual's character?

5. Whether [Brooks'] trial counsel, and, appellate counsel, rendered ineffective assistance of counsel in violation of [Brooks'] 6th and 14th Amendment rights, by not obtaining, and/or advancing certain affidavits as exculpatory, that would have proven [Brooks'] innocence as to the charged offense of Possession of a Firearm?

- 5 -

6. Whether the [trial] court erred by imposing a mandatory minimum sentence that was/is unconstitutional in light of ***Commonwealth v. Hopkins***, 632 Pa. 36; 117 A.3d 247; 2015 Pa. LEXIS 1282, in violation of both the United States and Pennsylvania Constitutions, and contrary to the Pennsylvania Supreme Court?

7. Whether the [trial] court erred in giving jury instructions on constructive possession, that prejudiced [Brooks], by not giving the jury all of the elements of constructive possession?

Brooks' Brief at 2-5.

In reviewing Brooks' claims,

[o]ur standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. [A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa. Super. 2015) (citations and quotations omitted).

Preliminarily, we address the timeliness of Brooks' *pro se* concise statement. Our Rules of Appellate Procedure provide, in relevant part:

A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other **reasonably verifiable evidence** of the date that the prisoner deposited the *pro se* filing with the prison authorities.

Pa.R.A.P. 121(a) (emphasis added).

The PCRA court, on February 9, 2018, issued an order requiring Brooks to file a Pa.R.A.P. 1925(b) statement within 21 days of the date of the order. Twenty-one days from February 9, 2018 was Friday, March 2, 2018. Brooks' *pro se* concise statement was filed six days late, on March 8, 2018.

Attached to Brooks' concise statement is a "proof of service" wherein he states he mailed his concise statement on February 28, 2018. Additionally, Brooks includes an unsworn declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746, stating he gave his concise statement to prison officials on February 28, 2018 for forwarding to the court.

Here, because we find Brooks has not provided any "reasonably verifiable evidence" of the date he gave his Rule 1925(b) statement to prison authorities, we could remand for a hearing on this issue. However, no remand is required here since we conclude, for the reasons set forth below, Brooks' substantive arguments warrant no relief. **See Commonwealth v. Chambers**, 35 A.3d 34, 40 (Pa. Super. 2011) (declining to remand for a hearing on timeliness of filing of PCRA petition under prisoner mailbox rule because, in light of disposition of petitioner's substantive argument, "it would be futile to do so.").

The first issue presented by Brooks is his claim that his counsel was ineffective in failing to file an omnibus pretrial motion to suppress the firearm.[4] Brooks argues he had no prior knowledge of the firearm being present in the vehicle. The PCRA court rejected this claim, as follows:

> In his first matter complained of on appeal, [Brooks] asserts trial counsel was ineffective for failing to file a motion to suppress the contraband found in the vehicle he was driving. [Brooks] was the driver in a one-car accident. The arresting officer witnessed the damage from the car accident and observed [Brooks] in the driver's seat, slumped-over with his eyes closed after the accident. The officer clearly had a reasonable basis for the vehicle stop. During the stop, [Brooks] was under suspicion for DUI, failed multiple field sobriety tests, and was subsequently arrested. The police then conducted a lawful inventory search of the vehicle before it was towed from the scene. It was during this legal inventory search that the firearm and other contraband in question was discovered. [Brooks'] contention is that because he maintains he was unaware of the firearm in the vehicle, its admission into evidence should have been suppressed. However, this assertion remained a factual issue thoroughly challenged by the defense at trial, and it is not an issue of the weapon's seizure being constitutionally improper and as thus beyond an exclusionary claim's purview. The police had a legitimate reason to initiate the stop, and conducted a lawful inventory search pursuant to his arrest and the resultant inventorying of the automobile as a precursor to its towing. Therefore, trial counsel lacked any reasoned legal basis to attempt suppression of the firearm. A motion to suppress admission of the weapon's seizure prior to trial would have been futile, and trial counsel is not ineffective for failing to raise a meritless issue. ***See Commonwealth v. Busanet***, 54 A.3d 35, 51 (Pa. 2012).

---

[4] It bears mention that trial counsel, Emeka Igwe, Esquire, entered his appearance about one month before commencement of the trial. Prior to that time, Brooks was represented by Michael Malloy, Esquire. Furthermore, we point out Brooks' argument that defense counsel should have sought to suppress the firearm is set forth in a single sentence in his brief, under "Summary of Argument." ***See*** Brooks' Brief at 10-11.

PCRA Court Opinion, 3/28/2018, at 8-9. Our review confirms the PCRA court's analysis. As such, we reject Brooks' first ineffectiveness claim.

In the second issue, Brooks contends trial counsel was ineffective for failing to file an omnibus pretrial motion to challenge the incident/arrest report that did not give probable cause for the charged offenses and contained "perjured testimony" that Brooks was transported to a nearby hospital.

This claim is meritless. Brooks' ineffectiveness claim is based upon Brooks' dispute with the factual averment in the affidavit of probable cause that he was taken to Delaware County Memorial Hospital before he was taken to the police station. In support of his argument, Brooks attached to his concise statement a letter from Crozer-Keystone Health System, dated October 27, 2017. The letter verifies there is no record of James Brooks being treated on April 21, 2013, at the Crozer-Keystone Health System (which includes Delaware County Memorial Hospital). However, whether or not Brooks was taken to the hospital by police is completely inconsequential. The alleged inaccuracy would have no bearing on the facts in the affidavit that did establish probable cause. Accordingly, we reject this claim of ineffectiveness.

In the third issue, Brooks claims trial counsel was ineffective during *voir dire* for not challenging and/or protecting his equal protection rights, when the prosecutor struck the only two prospective black jurors. The PCRA court found that this issue was waived because Brooks did not raise this ineffectiveness claim until he filed his Rule 1925(b) statement. **See** PCRA

- 9 -

Court Opinion, 3/28/2018, at 11, *citing* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003). ("Moreover, [a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order.") (citation omitted). Our review confirms the PCRA court's waiver determination. Therefore, this claim fails to warrant relief.

Brooks' fourth claim is that trial counsel and "appellate" counsel, referring to PCRA counsel,[5] rendered ineffective assistance of counsel, "in violation of defendant's 6th and 14th Amendment rights, in violation of Pa.R.Evid. 404(b), Character Evidence; Crimes or Other Acts - Rule 404(a)(1), that renders prior convictions inadmissible in determining an individual[']s character." Brooks' Brief at 3. As this issue was raised for the first time in Brooks' Pa.R.A.P. 1925(b) statement, we find the issue has been waived. **See** Pa.R.A.P. 302(a), **supra**; **Watson, supra**.

In Brooks' fifth issue, he claims trial counsel and "appellate", *i.e.*, PCRA counsel, were ineffective for not obtaining affidavits as exculpatory, that would have proven his innocence as to the charged offense of possession of a firearm. Specifically, Brooks' claim is that PCRA counsel was ineffective in

---

[5] Brooks uses the term "appellate" attorney for PCRA counsel, Henry D. Forrest, Esquire. **See** Brooks' Brief at 9 ("court appointed appellate attorney, Henry D. Forrest"). **See also id.** at 12, 16, 20.

not raising trial counsel's ineffectiveness for failing to call a witness. This claim of PCRA counsel's ineffectiveness was raised for the first time in response to the PCRA court's Pa.R.Crim.P. 907 notice, and is properly preserved for our review. *See Commonwealth v. Henkel*, 90 A.3d 16 (Pa. Super. 2014) (*en banc*); *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009) (mandating that petitioner raising allegation of PCRA counsel ineffectiveness do so in response to Rule 907 twenty-day response period). However, no relief is due.

There are two requirements to prove an ineffectiveness claim for a failure to present witness testimony:

> The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P 902(A)(15). The second requirement is substantive. Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial.

*Commonwealth v. Reid*, 99 A.3d 427, 438 (Pa. 2014) (citation omitted).

Here, in his objection to the notice of intent to dismiss, Brooks attached an affidavit, dated November 24, 2015, and averred that he had submitted this affidavit to PCRA counsel. The affiant, Ronald Wilson, states he is the owner of the vehicle in question; that on April 21, 2013, while at a party, he allowed another individual to use his car "to go pick up someone and bring

them to the party;" that after the party, he and his girlfriend went to the residence he rented and "got into an argument [and] … woke up my landlord's son; " that [Brooks] "heard the yelling and screaming [and] offered to take [Wilson's girlfriend] home [because he] was in a better condition then [sic] I was to drive her home;" and that "[n]either I nor James [Brooks] was aware of the gun being in the car." Brooks' Objection of Intention to Dismiss, 10/26/2017, Exhibit "A", Wilson Affidavit, 11/24/2015.

Significantly, however, nowhere in the affidavit does Wilson state he was available and willing to testify at trial on Brooks' behalf. Therefore, we reject Brooks' claim PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness in not calling Ronald Wilson as a witness.

In his penultimate claim, Brooks argues that the trial court erred by imposing a mandatory minimum sentence that is unconstitutional under *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). Specifically, Brooks contends he was sentenced to a mandatory minimum sentence for possession of a firearm not to be carried without a license and possession of a firearm to be carried with an altered manufacturer's number. *See* Brooks' Brief at 11-12. The PCRA court rejected this claim on the basis that Brooks was not sentenced pursuant to any mandatory minimum sentencing statute. Our review confirms the PCRA court's determination. Therefore, this claim fails.

Finally, Brooks claims the trial court erred in giving jury instructions on constructive possession that prejudiced him, by not "giving the jury *all of the*

*elements* of constructive possession." Brooks' Brief at 5 (emphasis in original). *See also id.* at 21-22. This argument is waived, however, as Brooks should have raised this claim of trial court error in his direct appeal. *See* 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). Accordingly, no relief is due.

Order affirmed.

Judge Platt joins this memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/18